Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHBDURMAN AHMED,<br><br>Defendant. | No. 2:23-cr-00053-RAJ<br><br>ORDER ON GOVERNMENT'S APPEAL OF RELEASE ORDER |

## I.   INTRODUCTION

THIS MATTER comes before the Court upon the government's appeal of the release order of defendant Ahbdurman Ahmed. Dkt. 56. The Court has considered the government's motion, the defendant's response, the government's reply, and the files and pleadings herein, including the reports prepared by Pretrial Services.

The original detention hearing in this matter was held before Magistrate Judge Michelle L. Peterson on April 4, 2023, at which time the issue of detention was continued until after the Indictment was filed. On May 4, 2023, after a detention hearing conducted by Magistrate Judge S. Kate Vaughan, defendant was ordered released, subject to the standard and special conditions as set forth in an appearance bond. Dkts. 54, 55.

On May 5, 2023, the government appealed the release order entered by Judge Vaughan and requested this Court stay defendant's release pending appeal. On that

ORDER - 1

same day the Court granted the government's motion to stay release and the Court set a briefing schedule on the appeal.  Dkt. 57.  On May 5, 2023, defendant filed a motion for reconsideration of the stay order (Dkt. 58) which was denied on May 8, 2023.  Dkt. 60.

Now before the Court is the government's appeal of the release order.  Dkt. 56. After reviewing the parties' briefs, the relevant case law, and the record, the Court finds that oral argument is unnecessary.  For the reasons below, the Court **GRANTS** the government's motion and orders the defendant detained pending trial.

## II.     LEGAL STANDARD

Both parties accurately identify that a District Court reviews *de novo* a magistrate judge's order for pretrial detention or release.  *United States v. Koenig,* 912 F.2d 1190, 1192-93 (9th Cir. 1990).  Both parties also accurately identify the Title 18 U.S.C. §3142(g) factors this Court must consider in deciding whether to detain the defendant pending trial.  In making this determination, this Court is statutorily guided that a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence.  *Id.* Additionally, a finding that no condition or combination of conditions will reasonably assure the defendant's appearance must be established by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

## III.    DISCUSSION

**A. Defendant Poses a Risk of Danger to the Community.**

The Court begins its analysis with the observation that at the detention hearing the magistrate judge found that the defendant was a danger to the community.  Dkt. 62. The Pretrial Services report also concluded the defendant is viewed as a risk of danger based on the nature and circumstances of the instant offense, a pattern of similar

ORDER - 2

criminal activity, substance abuse, pending charges with active bench warrants, and noncompliance while under prior terms of supervision. Dkt. 53.

Moreover, the government has presented compelling and convincing evidence of the danger the defendant presents to the community, particularly in the arena of his drug dealing and firearm association. The government's Memorandum in Support of Detention (Dkt. 52) sets forth more than sufficient facts regarding the defendant's alleged drug dealing activities. These facts include the details, supported by specific references to instant messaging, describing the acquisition and distribution of fentanyl in Whatcom County. Most troubling is the discovery from co-defendant Gebremedhin's cell phone that contains clear discussions about narcotics trafficking between these two, including a proposal to jointly purchase 100,000 fentanyl pills. Dkt. 62. It appears this is information unknown to Magistrate Judge Vaughn at the time she authorized his release.

Equally compelling regarding the danger the defendant poses to the community is the fact that he was seeking to purchase a firearm with an extended magazine, and when he was arrested in his rental vehicle with 1,000 fentanyl pills, there was a Glock handgun with a loaded 30-round magazine. The government has further reported that when agents were able to unlock and access his cell phone seized when he was arrested, a preliminary review of this phone appears to contain further discussions about firearms and the possible purchasing of firearms. Dkt. 62, p. 4.

While the specifics of this allegation have yet to be proved, the facts as presented support by a preponderance of the evidence that the defendant is a danger to the community. This observation is compounded by the fact that given his felony history, it was illegal for him to possess any firearm.

The Court is aware that Magistrate Judge Vaughn imposed conditions of release and found that, considering the foregoing, there were conditions sufficient to reasonably

ORDER - 3

protect the community from the defendant's ongoing criminal behavior.  This Court disagrees.  The defendant was caught with 1,000 fentanyl pills on March 2, 2023, and then again on March 30, 2023, when again he was arrested with 2,000 fentanyl pills and a handgun with an extended magazine and having ongoing discussions about 100,000 fentanyl pills.  This combination of drug trafficking activity is not the conduct of an individual who is merely a friend of a drug dealer, this points to his active engagement in the distribution of illegal, dangerous drugs.  While these allegations must be proven beyond a reasonable doubt at trial, the standard before this Court is preponderance of the evidence and that standard has been met by the government.

The clear and convincing evidence in this case warrants a finding that the defendant is a risk of danger based on his criminal history, the nature of the offense, and safety concerns, including his non-compliance with supervision in the past.

### B. Defendant Poses a Risk of Flight if Released.

The magistrate judge found that the defendant did not pose a risk of flight if released with the conditions she imposed.  This Court disagrees for a variety of reasons.

In assessing flight risk, the Court cannot ignore the defendant's extensive criminal history.  Granted, many of these convictions are dated, but the Court necessarily weighs how the defendant has interacted with the judicial system when released in the past.  According to the Pretrial Services report, the defendant has what appears to be twelve failures to appear for court and three outstanding bench warrants for his arrest.

If released the defendant would be expected to comply with the conditions of supervision as monitored by Pretrial Services.  The defendant has a history of failing to comply with conditions of supervision.  First Supp. PTS Report (April 4, 2023).  Another example of his demonstrated unwillingness to comply with supervision was the benefit he received with a DOSA sentence whereby he could have reduced his period of

ORDER - 4

incarceration. For whatever reason, he failed to comply with the conditions, his DOSA sentence was revoked, and he was returned to custody for an additional 16.5 months. Dkt. 22. A reduction in his term of imprisonment should have been a strong motivating factor for compliance with his DOSA sentence. For the defendant to have snubbed that opportunity strongly indicates that compliance with pretrial conditions will meet with little success.

In addition to the foregoing, if convicted as charged, the defendant is facing a ten-year mandatory term of imprisonment on the drug charges alone and an additional five-year mandatory consecutive sentence for the firearm allegation.

While the weight of the evidence is a factor considered in this Court's assessment, the Court is mindful that the weight of the evidence can only be considered in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Likewise, *Motamedi, Id*. at 1408, instructs that the weight of the evidence is the least important factor for the Court to consider.

In this case the fentanyl seizures, firearm possession, and cell phone evidence presented by the government, collectively are strong regarding the weight of evidence that the defendant was involved in drug trafficking and armed with a firearm. His continued dealing for even larger amounts of fentanyl demonstrate a strong indication he will persist in his drug dealing, thereby exposing the community to this dangerous drug. When combined with the mandatory terms of sentencing, his risk of flight increases dramatically.

While the defendant is presumed innocent and nothing in the Bail Reform Act may be construed as modifying or limiting that presumption, 18 U.S.C. § 3142(j), the Court has considered what is reflected in the government's proffer of evidence balanced

against that of the defendant and finds that the risk he poses to the community is too great to warrant his release.

Of significance to this Court's finding is Pretrial Service's input regarding the defendant's release. Here the defendant has obtained a substance abuse evaluation and arranged for a bed date. Despite these efforts, Pretrial Services did not believe it could safely supervise the defendant in the community while guaranteeing the safety of the public and that the defendant would not flee.

This Court is keenly aware of the significant importance of individuals seeking drug treatment for substance abuse disorders. The Court, however, cannot ignore the facts or circumstances of the individual seeking treatment. Here, while treatment may be in order for the defendant in the future, an in-patient program at this juncture in light of the record before this Court, is insufficient to warrant his release.

### IV.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the government's Motion to Revoke the Magistrate Judge's Detention Order of Release and orders the defendant detained pending trial.

DATED this 17th day of May, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge